# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**DEBBIE PERRY,**

    **Plaintiff**

        v.

**SLM STAFFING, LLC,**
**a Florida Limited liability**
**Company,**

    **Defendant.**

_____/

CASE NO.

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff DEBBIE PERRY (hereinafter referred as "Plaintiff"), by and through the undersigned attorney, hereby files this Complaint against SLM STAFFING, LLC (hereinafter referred as "SLM" or "Defendant"), and in support of states as follows:

## NATURE OF CASE

This is an action to remedy discrimination pursuant to the provisions of the Families First Coronavirus Response Act ("FFCRA"), Emergency Paid Sick Leave Act ("EPSLA"), which are enforced through sections 15(a)(3), 16 and 17 of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216-217, as well as interference and retaliation under the Family and Medical Leave Act of 1993 ("FMLA") 29 U.S.C. § 2601, et seq. Plaintiff is seeking damages including

back pay, front pay, compensatory damages, liquidated damages, punitive damages (if permitted to be pled), attorneys' fees and costs, and any other relief to which the Plaintiffs are entitled including but not limited to equitable relief.

## JURISDICTION & VENUE

1. This is an action at law that raises a federal question under federal law.

2. The Court has jurisdiction over this complaint pursuant to 28 U.S.C. §1331 and has subject matter jurisdiction over Plaintiff's state law claims.

3. The Plaintiff's claims arise under the laws of the United States. Venue is proper pursuant to 28 U.S.C. § 1391.

4. Additionally, the events giving rise to this action occurred within this District.

## PARTIES

5. Plaintiff was an employee of Defendant from approximately May 2017 to June 25, 2020.

6. Plaintiff was employed by Defendant in Oviedo, Florida.

7. Defendant is a Florida Profit Corporation which operates an elderly care facility.

8. SLM is subject to the FFCRA.

9. Among the FFCRA's protections is the EPSLA.

10. Defendant employs more than fifty (50) employees.

11. Defendant employs more than fifty (50) employees within 75 miles of Oviedo, Florida.

12. Plaintiff was an "employee" as defined by the FMLA.

13. Defendant is an "employer" as defined by the FMLA.

14. As of the date of her termination, Plaintiff had been employed by Defendants for at least twelve (12) months.

15. As of the date of her termination, Plaintiff had been employed by Defendant for at least 1,250 hours of service during the previous twelve (12) month period.

## FACTUAL ALLEGATIONS

16. Plaintiff began her employment with Defendant in or about May 2017, as a Resident Assistant.

17. At all times material, Plaintiff performed well while working for Defendant.

18. On or about June 13, 2020, Plaintiff was diagnosed with Coronavirus.

19. Plaintiff immediately informed Defendant.

20. Plaintiff let Defendant know that she would quarantine for 14

days, until approximately June 27, 2020.

21. Plaintiff provided updates regarding her status until she obtained negative test results for Coronavirus.

22. On June 25, 2020, Plaintiff obtained a negative diagnosis from Seminole County and was therefore cleared to return to work.

23. Defendant refused to accept the test results.

24. Instead, Defendant accused Plaintiff of knowingly working while infected with Coronavirus and terminated her.

25. Other employees who tested positive were allowed to return to work, even prior to their 14-day quarantine period expiring.

26. Plaintiff had been an employee in good standing until the end of her employment.

27. Defendant refused to accommodate Plaintiff.

28. At the time of her termination, Plaintiff was qualified for her position.

29. Additionally, at the time of his termination, Plaintiff was able to perform the essential functions of her job, with or without accommodation.

30. At no time during her employment did Defendant counsel or otherwise discipline Plaintiff for failure to meet her job duties, absenteeism, or performance.

31. At the time of her termination, Plaintiff worked for a covered

employer as defined by the FMLA.

32. At the time of her termination, Plaintiff was eligible for FMLA leave.

33. Plaintiff's notice for her need for FMLA leave was timely.

34. Defendant was aware that Plaintiff had a serious health condition that qualified for FMLA leave and yet, failed to properly advise Plaintiff of her rights under the FMLA.

35. Defendant's actions constitute interference with Plaintiff's rights under FMLA.

36. Defendant's actions constitute discrimination and retaliation in violation of Plaintiff's rights under the FMLA.

37. Defendant's actions also constitute discrimination in violation of Plaintiff's rights under FMLA.

38. Plaintiff was treated differently than similarly situated healthy employees.

39. Defendant discriminated against Plaintiff for taking necessary time off due to her disability.

40. Defendant terminated Plaintiff in retaliation for taking necessary time off due to her disability.

## COUNT I – VIOLATION OF THE FFCRA/EPSLA

41. Plaintiff re-alleges and incorporates by reference the allegations in Paragraphs 1-9 above as if fully set forth herein.

42. The EPSLA requires employers to provide up to two weeks of paid sick leave and job protection for employees who, among other things, are (a) subject to a governmental quarantine or isolation order related to COVID-19 or (b) advised by a health care provider to quarantine or self-isolate due to concerns related to COVID-19.

43. These paid leave provisions apply to leave taken between April 1, 2020, and December 31, 2020.

44. Paid sick time under the EPSLA must be granted in addition to any pre-existing paid leave benefits provided.

45. The EPSLA also prohibits employers from requiring employees to use or exhaust their paid time off before availing themselves of paid leave under the Act.

46. Plaintiff was entitled to up to two weeks (or 80 hours) of paid sick leave pursuant to the EPSLA because he was advised by a health care provider to self-isolate (and was required to do so by governmental order) due to his COVID-19 diagnosis.

47. Yet, SLM blatantly disregarded its obligations under the EPSLA and forced Plaintiff to use his paid time off for his entire absence.

48. This is a direct violation of EPSLA's requirements.

49. An Employer who fails to provide its Employee Paid Sick Leave under the EPSLA is considered to have failed to pay the minimum wage as

required by section 6 of the FLSA, 29 U.S.C. 206, and shall be subject to the enforcement provisions set forth in sections 16 and 17 of the FLSA, 29 U.S.C. 216, 217.

50. SLM's violation of the EPSLA's requirements was willful.

51. As a direct and proximate result of SLM's violation of the EPSLA, Plaintiff has been damaged.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any practice which violates the FFCRA or EPSLA;

b. Order Defendant to make Plaintiff whole, by compensating Plaintiff for unpaid sick leave wages, lost wages and benefits, including front pay, back pay with prejudgment interest, liquidated damages, and other remuneration for physical and mental pain, anguish, pain and humiliation from being terminated due to the loss of his long-term employment as a result of Plaintiff's diagnosis and taking of sick leave;

c. Award attorney's fees and costs pursuant to FFCRA and EPSLA;

d. Award punitive damages; and

e. Award any other relief this Honorable Court deems just and proper.

## **COUNT II – RETALIATION UNDER THE FFCRA**

52. Plaintiff re-alleges and incorporates by reference the allegations in Paragraphs 1-9 above as if fully set forth herein.

53. The EPSLA prohibits employers from discharging or otherwise discriminating against any employee because the employee took qualifying paid sick leave.

54. Plaintiff took qualifying sick leave due to COVID-19.

55. Plaintiff's sick leave due to COVID-19 was protected activity.

56. Despite the EPSLA's requirements, SLM unlawfully terminated Plaintiff after he took leave as a result of his COVID-19 diagnosis.

57. An Employer who discharges, disciplines, or discriminates against an Employee in the manner described in subsection 29 CFR § 826.150 (a) is considered to have violated section 15(a)(3) of the FLSA, 29 U.S.C. 215(a)(3), and shall be subject to the enforcement provisions relevant to such violations set forth in sections 16 and 17 of the FLSA, 29 U.S.C. 216, 217.

58. SLM violated Plaintiff's right under the EPSLA and FLSA.

59. Plaintiff's termination was an adverse employment action.

60. A causal connection exists between Plaintiff's protected activity and adverse employment action.

61. As a direct and proximate result of SLM's retaliation, Plaintiff

suffered damages.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a.  Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any practice which violates the FFCRA or EPSLA;

b.  Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages and benefits, including front pay, back pay with prejudgment interest, liquidated damages, and other remuneration for physical and mental pain, anguish, pain and humiliation from being terminated due to the loss of his long-term employment as a result of Plaintiff's diagnosis and taking of sick leave;

c.  Award attorney's fees and costs pursuant to FFCRA and EPSLA;

d.  Award punitive damages; and

e.  Award any other relief this Honorable Court deems just and proper.

## COUNT III
## INTERFERENCE UNDER THE FMLA

62. Plaintiff re-alleges and adopts the allegations of Paragraphs 1-7 and 10-40 above as if fully set forth herein.

63. Plaintiff was, at all times relevant, eligible for FMLA-covered leave.

64. Defendant was Plaintiff's employer as defined by the FMLA.

65. Defendant's acts and omissions constitute interference with Plaintiff's rights under the FMLA.

66. As a direct, natural, proximate and foreseeable result of the actions of Defendant, Plaintiff has suffered injuries for which he is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

67. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

68. Defendant's violations of the FMLA were willful.

69. Plaintiff is entitled to recover attorneys' fees and costs pursuant to 42 U.S.C. § 2617(a)(3).

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable reliefallowed by law including:

 a. Back pay and benefits;

 b. Interest on back pay and benefits;

 c. Front pay and benefits;

 d. Compensatory damages for emotional pain and suffering;

 e. Injunctive relief;

 f.  Prejudgment interest;

 g.  Costs and attorney's fees; and

 h.  Such other relief as the Court may deem just and proper.

## COUNT IV
## RETALIATION UNDER THE FMLA

70. Plaintiff re-alleges and adopts the allegations of Paragraphs 1-7 and 10-40 above as if fully set forth herein.

71. Plaintiff was, at all times relevant, eligible for FMLA-covered leave.

72. Defendant was Plaintiff's employer as defined by the FMLA.

73. Defendant discriminated and retaliated against Plaintiff because Defendant knew he was eligible for leave under the FMLA.

74. Defendant discriminated and retaliated against Plaintiff because Plaintiff attempted to exercise his rights under the FMLA.

75. Defendant had actual or constructive knowledge of the discriminatory/retaliatory conduct of its representative(s).

76. Defendant's acts and omissions negatively affected one or more terms, conditions, and/or privileges of Plaintiff's employment.

77. Defendant's discriminatory and retaliatory acts and omissions occurred, at least in part, because of Plaintiff's request for FMLA-covered leave.

78. Defendant's conduct violated Plaintiff's right to be free from discrimination and retaliation as guaranteed by the FMLA.

79. As a direct, natural, proximate and foreseeable result of the actions of Defendant, Plaintiff has suffered injuries for which he is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

80. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

81. Defendant's violations of the FMLA were willful.

82. Plaintiff is entitled to recover his attorneys' fees and costs pursuant to 42 U.S.C. § 2617(a)(3).

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable reliefallowed by law including:

    a.    Back pay and benefits;

    b.    Interest on back pay and benefits;

    c.    Front pay and benefits;

    d.    Compensatory damages for emotional pain and suffering;

    e.    Injunctive relief;

    f.    Prejudgment interest;

 g. Costs and attorney's fees; and

 h. Such other relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury of all issues so triable.

Respectfully submitted this __14th__ day of January, 2022.

       s/ Edward W. Wimp
       Edward W. Wimp, Esquire – LEAD COUNSEL
       FBN: 1015586
       Email: ewimp@theleachfirm.com

       Anthony Hall, Esquire
       FBN: 0040924
       Email: ahall@theleachfirm.com

       THE LEACH FIRM, P.A.
       631 S. Orlando Ave., Suite 300
       Winter Park, FL 32789
       Telephone: (407) 574-4999
       Facsimile: (833) 813-7513

       Attorneys for Plaintiff